IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO.74,867 






EX PARTE AARON LYNN KINCANON, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM HUTCHINSON COUNTY






 Per Curiam.



O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P. Ex Parte
Young, 418 S.W.2d 824 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated in the third-degree. Enhanced to a first degree felony offense, Applicant was
sentenced to sixty years imprisonment. His conviction was affirmed by the Seventh Court of
Appeals. Kincanon v. State, No. 07-01-00258-CR (Tex. App. -- Amarillo 2002, pet. denied). 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because he failed to file a motion for rehearing following the court of appeals' decision to
affirm his conviction even though counsel had informed him that he would do so. The trial
court has determined that Applicant is entitled to relief due to the fact that "counsel failed to
file a Motion for Rehearing and the corresponding appellate deadlines expired prior to
Applicant having the opportunity to file a Petition for Discretionary Review." We agree. 
Applicant was denied his right to file a petition for discretionary review due to the ineffective
assistance of his appellate counsel. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).

 Accordingly, Applicant is granted leave to file an out-of-time petition for discretionary
review from the Court of Appeals' judgment in cause number 07-01-00258-CR affirming his
conviction for driving while intoxicated in cause number 8470 from the 316th Judicial District
Court of Hutchinson County, Texas. Applicant shall file his petition with the Court of Appeals
within thirty days of the issuance of this Court's mandate. 

 Applicant's remaining claims for relief are dismissed. Ex parte Torres, 943 S.W.2d
469, 474 (Tex. Crim. App. 1997).

 

DELIVERED: January 21, 2004

DO NOT PUBLISH